U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 02 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LIFANJE NDOPING JOHNSON, Petitioner | CIVIL ACTION NO. 1:15-CV-01940 |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA LYNCH, U.S. ATTORNEY GENERAL, et al., Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Lifanje Ndoping Johnson ("Johnson") on June 18, 2015 (Doc. 1). Johnson, a native and citizen of Cameroon, is contesting his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") pending his removal from the United States. At the time of filing his petition, Johnson was detained in the LaSalle Detention Center in Trout, Louisiana. Johnson asks the Court to order his release from custody, pursuant to a bond hearing, pending removal (Doc. 1).

In their response to the petition (Doc. 15), Respondents show, through an affidavit by Brian Gueringer (the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement facility in Oakdale, Louisiana) that Johnson was released from ICE custody on July 17, 2015 in accordance with an immigration judge's order granting Johnson relief (Doc. 15-2). Since Johnson has received the

relief he sought in his habeas petition, Respondent's motion to dismiss (Doc. 15) should be granted and Johnson's habeas petition should be dismissed as moot.[1]

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 15) be GRANTED and Johnson's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

---

[1] On July 29, 2015 and December 29, 2015, mail sent from this Court to Johnson at the LaSalle Detention Center was returned, stamped "no longer here" (Docs. 12 & 19). Johnson had already been released and never apprised the Court of his new address.
 Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Johnson failed to inform the Court of his address change within 30 days after his mail was first returned to the Clerk of Court, and made no inquiry about this case nor attempted in any way to further prosecute the case. Therefore, Johnson's case could also be dismissed for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Co., 370 U.S. 626 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c) (2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of February 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3